## Kuntz v. Firth, Appellant.

Argued December 12, 1969. Before WRIGHT, P. J., MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ. (WATKINS, J., absent).

*Albert R. Subers*, with him *Bean, DeAngelis, Tredinnick & Giangiulio*, for appellant.

*Robert E. Slota*, with him *Haws and Burke*, for appellee.

OPINION BY MONTGOMERY, J., March 19, 1970:

In this trespass action arising out of a collision between two motor vehicles, Elizabeth C. Kuntz, plaintiff-appellee, received in a trial before a jury a verdict of $5,000.00 against David W. Firth, defendant-appellant. Motions for a new trial or judgment n.o.v. having been dismissed and judgment entered on the verdict, this appeal followed.

The only error assigned by appellant is that the trial judge erroneously sustained the plaintiff-appellee's objection to the use at trial of the deposition of Margaret Ann Carr, a passenger in appellant's car at the time of the accident. At the time of trial Miss Carr was a student at Shippensburg State College, which is 127 miles from Norristown, Montgomery County, where the trial was held on March 18, 1969. Her deposition as a "going" witness for use at trial was taken at Norristown, Pennsylvania, on March 3, 1969, under Pa. R. C. P. No. 4003(a)(1).

Although only a general objection to the use of this deposition appears in the record of the trial, the discussion of same having taken place in chambers off the record, the opinion of the court below reveals that the court so ruled for the reasons that (1) the deposition

was improperly taken; (2) the deposition was merely corroborative of defendant's testimony and thus its inadmission was harmless; (3) the denial of its use was an appropriate exercise of judicial discretion; and (4) the criteria of Pa. R. C. P. No. 4020 were not satisfied.

There is nothing in the record to support appellee's argument that the deposition was improperly taken. The deposition, itself, reveals that at the time of its taking, Miss Carr was preparing to leave for Shippensburg State College, which appellee concedes is about 130 miles away from the Montgomery County courthouse. Although a "going" witness has been defined as ". . . a witness who is about to depart from the state or who is in the state only temporarily," 4 Standard Pennsylvania Practice 512, this definition is subject to question in light of Pa. R. C. P. No. 4020, which provides for the use of a deposition of a witness over 100 miles from the courthouse at time of trial. Furthermore, we find that the appellee has waived this issue in this case for the reason that no protective order was sought under Pa. R. C. P. No. 4012, which provides that "(a) After notice is served for taking a deposition by oral examination, upon motion seasonably made by any party or by the person to be examined, the court may make an order that (1) the deposition shall not be taken;". The general objection to the deposition made at the time of its commencement was an inadequate and ineffectual compliance with Pa. R. C. P. No. 4012.

It is incumbent on the proponent of a deposition at trial to show the unavailability of the witness or the exercise of due diligence on his part in attempting to locate the witness. *Jerominski v. Fowler, Dick & Walker*, 377 Pa. 458, 105 A. 2d 320 (1954). However, Pa. R. C. P. No. 4020(a)(3) provides that one of the "unavailability" criteria is ". . . or (b) that the wit-

ness is at a greater distance than one hundred (100) miles from the place of trial or is outside the Commonwealth unless it appears that the absence of the witness was procured by the party offering the deposition;". The record shows that the latter criterion was satisfied by the appellant, as the court and appellee concede. As stated in 4 Goodrich-Amram §4020(a)-7, "If the situation fits any one of these four categories [Pa. R. C. P. No. 4020(a)(3)], the proponent has satisfied the Rule."

Since Pa. R. C. P. No. 4020 was satisfied in the circumstances of this case, the possibility of exercising any discretion in the matter was thereby removed from the trial judge. The court must admit the deposition when it finds that the requirements of the rule have been met.

Finally, we cannot accept appellee's contention that the rejection of this deposition was harmless error. Miss Carr testified in her deposition that the defendant's car was stopped at the time of the accident, which constitutes evidence of material importance to defendant's case. The case cited by appellee, *Flynn v. Chester*, 429 Pa. 170, 239 A. 2d 322 (1968), is inapposite for the reason that therein, the witness, a party, was available for and did testify as on cross-examination to facts almost identical to her testimony in the rejected deposition.

Since, for the above reasons, we have found that the ruling of the trial court in excluding Miss Carr's deposition was not proper on any ground advanced at trial or on this appeal, we conclude that its exclusion was error.

Judgment reversed and new trial awarded.