**Hill v. Lee**

*Maxwell H. Cohen,* for plaintiff.

*J. Joseph McCluskey,* for defendant.

WILLIAMS, P. J., November 10, 1970.—On May 21, 1970, counsel for plaintiff, in this trespass action, served notice upon counsel for defendant of intention to take the oral deposition of Dr. E. L. Clark at Philadelphia, Pa., pursuant to Pa. R. C. P. 4003(a)(1), which permits depositions, either by written interrogatories or by oral examination, to be taken on notice without leave of court where the witness is (a) located within 100 miles of the courthouse, and (b) aged, infirm or "going."

As authorized by Pa. R. C. P. 4012(a)(1), counsel for defendant has filed an objection to taking the depositions, inter alia, for two reasons: Philadelphia is within 100 miles of the courthouse at Stroudsburg, Pa., a fact of which the court may take judicial notice;

and the notice served upon defendant contains no averment that Dr. Clark is either aged, infirm or "going."

At argument, counsel for plaintiff relied upon a single proposition to support the taking of the deposition: That Dr. Clark is clothed with the status of a "going witness" merely because he is a physician. It is true that the authors of 4 Standard Pa. Pract. §13, at page 512, have stated:

"A 'going' witness is a witness who is about to depart from the state or who is in the state only temporarily. A physician is regarded as a going witness, and his deposition may be taken. [4. Vanriper v. Vanriper, 2 Del. Co. 318, 3 Lanc. L. Rev. 155.]"

The Vanriper case, decided in 1885, was a divorce proceeding during which the depositions of a number of physicians had been taken, apparently without objection, on behalf of the wife. At the conclusion of the case, the prothonotary taxed the cost of the depositions against the husband, who then appealed from this specific action. The court held that the taxation of costs was proper, but President Judge Clayton went on to say:

"The courts will not grant an attachment against a physician because his duty requires his attendance at the bedside of his patients. For this reason he is classed among going witnesses, and safety requires the party desiring his testimony to take his deposition."

Significantly, this language has not been followed in any reported decision. Not only is it dictum, but it represents an attempt to combine mutually contradictory concepts. One cannot say logically that a physician qualifies as a "going" witness, i.e., one about to depart from the locality where he is presently available to the court because professional duty requires him *not* to depart from proximity to the

bedsides of his patients in that same locality. The most recent definition of a "going" witness may be found in Kuntz v. Firth, 216 Pa. Superior Ct. 155, 157, 264 A. 2d 432, 433 (1970), where the Superior Court held that a student preparing to leave for a college located within the Commonwealth, but more than 100 miles from the courthouse, was a "going" witness, and Judge Montgomery said:

"There is nothing in the record to support appellee's argument that the deposition was improperly taken. The deposition, itself, reveals that at the time of its taking, Miss Carr was preparing to leave for Shippensburg State College, which appellee concedes is about 130 miles away from the Montgomery County courthouse. Although a 'going' witness has been defined as '. . . a witness who is about to depart from the state or who is in the state only temporarily,' 4 Standard Pennsylvania Practice 512, this definition is subject to question in light of Pa. R. C. P. No. 4020, which provides for the use of a deposition of a witness over 100 miles from the courthouse at time of trial."

When the deposition of a witness is desired for use at trial, attention must be given to two critical points: The time of *taking,* and the time of *use* at trial. Different rules apply to each of these situations. First, when it is proposed to take a deposition in advance of trial, the situation must be appraised at that moment with respect to the *probability* that the witness will not be available to the court when the time of trial arrives. The standard for measuring this probability is set forth in Pa. R. C. P. 4003 (a)(1) which requires that a witness, located within 100 miles of the courthouse be either aged, infirm or "going" in order to  qualify as being probably unavailable at a future time. Second, when the time of trial arrives, the deposition of a witness who pre-

viously qualified as being probably unavailable will not be received in lieu of the personal appearance of that witness on the stand, unless the witness is actually unavailable according to any of the five criteria set forth in Pa. R. C. P. 4020(a)(3), which provides:

"The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds (a) that the witness is dead; or (b) that the witness is at a greater distance than one hundred (100) miles from the place of trial or is outside the Commonwealth unless it appears that the absence of the witness was procured by the party offering the deposition; or (c) that the witness is unable to attend or testify because of age, sickness, infirmity or imprisonment; or (d) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or (e) upon application and notice that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used."

See Kuntz v. Firth, supra.

Neither of these rules contains any specific exception for physicians. The latter rule, unlike the former, contains clause (e) which may be described as an expansion clause, designed to cover possible meritorious situations which do not fall precisely within the terminology of the other recognized criteria. This clause is applicable to all types of witnesses, including medical witnesses; but the writer has found no reported decision in which it has been invoked to authorize the substitution of a physician's deposition for his personal appearance on the witness stand. See, however, Paparone v. Ader, 139 Misc. Rep. 281, 248 N. Y. S. 321 (Supreme Ct., Special Term, Schuy-

ler Co., 1931), cited by counsel for defendant, where the court held that the section of the New York Civil Practice Act permitting examination of witnesses before trial under "special circumstances" did not authorize taking depositions of practicing physicians residing within 100 miles of the place of trial. Pennsylvania courts consistently have required the personal appearance of the witness whenever that becomes possible. Thus in Pipher v. Lodge, 16 S. & R. 214, 220, 221 (1827) the Supreme Court granted a new trial and Mr. Chief Justice Gibson said:

"I am of opinion, the deposition of Margaret Frick was improperly admitted. In cases of secondary evidence, the question whether a sufficient introductory ground was laid, has always been treated in courts of error as a proper subject of discussion . . .

"A deposition is, unquestionably, but secondary evidence, and admissible on proof of its having been taken under a competent authority, on due notice, and in a proper manner: and, also, on proof that the contingency, for which it was intended to provide, *has actually* happened: and, if it be admitted without this, it is error. Here the objection was to the proof of inability to attend, which was, that the witness had broken her leg eight or ten years before, and had again been hurt the preceding autumn; but that she was a stout active woman for her age, and had come from Milton to Northumberland a few days before . . . Was this a sufficient cause to dispense with her attendance? Every one of the least experience knows the immeasurable superiority of oral over written testimony, and the benefit of a cross-examination in the face of the court, during which the eyes and ears of the jurors may, with equal advantage, be employed in the discovery of truth. Of these advantages nothing ought to deprive a party but absolute necessity, either physical or moral."

Again, more recently, the Supreme Court granted a new trial in Jerominski v. Fowler, Dick & Walker, 377 Pa. 458, 462, 463, 105 A. 2d 320, 322 (1954), and Mr. Justice Chidsey said:

"It appears from the record that the deposition of Che Hoyt, a going witness, was taken on January 28, 1949, pursuant to an order of court. It was admitted into evidence at the second trial of this case on March 17, 1953, over defendant's objection that it should not be admitted without some showing by plaintiff that the witness was still unavailable. It is axiomatic that the oral testimony of a witness in court is always preferred over a deposition which is merely secondary evidence and not admissible unless it is proven that better evidence cannot be produced. It will be incumbent on the plaintiff at the next trial to show the unavailability of the witness or the exercise of due diligence on her part in attempting to locate her. See Mitsios v. Morios, 76 Pa. Superior Ct. 590; 5 Anderson Pa. Civil Practice 750."

Here, plaintiff is requesting the court to perform two impossible calculations: (1) To assume that some "exceptional circumstance," at this moment not susceptible to description, will befall Dr. Clark and render him unavailable at trial; and (2) to assess the probability, from the vantage point of the present time, that such an indescribable circumstance actually will occur. In effect, plaintiff seeks insurance against the possibility that Dr. Clark will not be available at trial, whereas Pa. R. C. P. 4003 (a)(1) affords insurance, through the taking of depositions, only against the probability of future unavailability, when such an inference is supported by the present circumstance that the witness is either aged, infirm or "going." Since all witnesses are subject to the possibility of unavailability, through unforeseen death or accident, an attempt to secure com-

prehensive insurance by taking the depositions of all essential witnesses would require two sets of trials, the first by deposition and the second by jury, thereby imposing upon the parties, their counsel and the witnesses an intolerable burden of additional expense, time and inconvenience.

The instant case arises out of an accident which occurred more than eight years ago on July 28, 1962. It appears from counsel's brief that plaintiff was treated for his injuries by Dr. Edward A. McDowell, who subsequently died; that the original records of this physician passed into the custody of his associate, Dr. E. L. Clark, and that the sole purpose of seeking the testimony of Dr. Clark is to establish the authenticity and custody of these records. In the interest of expediting the disposition of this case, it may be in order to suggest that Dr. Clark have photo-mechanical copies of these records made and that the copies be incorporated in a written request for an admission by defendant of the authenticity and custody of the same, to be served upon defendant pursuant to Pa. R. C. P. 4014. See Kelley v. Connecticut General Life Insurance Co., 6 D. & C. 2d 89 (C. P. No. 5, Phila. Co., 1956); Hill v. Mayusky (No. 2), 21 D. & C. 2d 519 (C. P. Northumberland Co., 1960); Hill v. Mayusky (No. 3), 22 D. & C. 2d 19 (C. P. Northumberland Co., 1960); and Davis v. Pennzoil Company, 438 Pa. 194, 264 A. 2d 597 (1970).

If these facts are admitted, Dr. Clark may be spared the double inconvenience of giving a deposition and of attending the trial as a witness, counsel for defendant may be spared the inconvenience of attending the taking of a deposition, and plaintiff may be spared the concomitant expense. This procedure will preserve to defendant the right to object at trial to the relevance of the records, or to any part thereof.

## ORDER

And now, November 10, 1970, the objection of defendant to the taking of the oral deposition of Dr. E. L. Clark is sustained.