**Gloria HALL, Executrix of the Estate of Lester D. Smallwood, Appellee,**

v.

**OWENS CORNING FIBERGLASS CORP., Pittsburgh–Corning Corp., Greene Tweed & Co., Inc., AW Chesterton, Inc., Flintkote Co., Garlock, Inc., Porter–Hayden Co., Foster Wheeler Corp., Inc., Pars Manufacturing Co., JH France Refractories Co., Anchor Packing Co., AC & S Corp., Carlisle Corp., Uniroyal, Inc., Bickley Furnaces, Inc., Riley Stoker Corp., Harbison Walker Refractories, Drever Furnaces, Superior Boiler Works, Inc., Cleaver Brooks, WR Grace & Co., Crane Packing, Inc., John Crane, Inc., Rapid American Corp., Combustion Engineering, Inc., Allied Signal, Inc., Brand Insulation, Inc., Keeler Dorr–Oliver Boiler Co., Selas Corp. of America, Appellees.**

**Appeal of: John Crane, Inc.**

Superior Court of Pennsylvania.

Argued April 24, 2001.
Filed June 27, 2001.

David F. Abernethy, Philadelphia, for appellant.

William C. Bensley, Philadelphia, for Hall, appellee.

Before: JOHNSON, STEVENS, and LALLY–GREEN, JJ.

LALLY–GREEN, J.

¶ 1 Appellant, John Crane, Inc., appeals from the judgment entered in favor of Appellee, Gloria Hall, Executrix of the Estate of Lester D. Smallwood. We reverse and remand for a new trial.

¶ 2 The trial court offered the following summary of procedural history:

> [Appellant] filed post-trial motions in this matter following a jury verdict in favor of [Appellee] regarding the deceased's claims for injuries and damages as a result of exposure to asbestos-containing products. All of the other Defendants settled prior to trial. A Phase I trial on damages was held first and award of $200,000 was rendered. The Phase II trial on liability was conducted from March 9–11, 1999 with a unanimous verdict of liability. [Appellant] contends that numerous errors occurred at trial and that they are entitled to a new trial on both liability and damages. On May 5, 200, [Appellant's] motion for post trial [sic] relief was denied.

Trial Court Opinion at 1. Judgment was entered and this appeal followed.

¶ 3 Appellant presents the following issues for our review:

I. WHETHER THE DEFENDANT IS ENTITLED TO JUDGMENT NOTWITHSTANDING THE VERDICT [JNOV] WHERE THE PLAINTIFF FAILED TO OFFER ANY ADMISSIBLE EVIDENCE TO CARRY HER BURDEN OF PROVING EXPOSURE OF THE DECEDENT TO THE DEFENDANT'S PRODUCT.

II. IN THE ALTERNATIVE, WHETHER THE DEFENDANT IS ENTITLED TO A NEW TRIAL WHERE THE TRIAL COURT ERRONEOUSLY ADMITTED HEARSAY EVIDENCE, AND THAT EVIDENCE WAS THE ONLY EVIDENCE OFFERED BY PLAINTIFF TO CARRY HER BURDEN OF PROVING EXPOSURE TO THE DEFENDANT'S PRODUCT.

Appellant's Brief at 5.

¶ 4 Appellant first argues that it is entitled to JNOV because Appellee failed to prove that Appellant's products proximately caused Decedent's injuries. The record reflects that the request for JNOV was not raised in Appellant's post-trial motions. Thus, we face an initial issue of whether this issue was preserved for our review.

¶ 5 Regarding preservation of issues in post-trial motions, Pennsylvania Rule of Civil Procedure 227.1(b) provides:

(b) Post-trial relief may not be granted unless the grounds therefor,

(1) if then available, were raised in pre-trial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial; and

(2) are specified in the motion. The motion shall state how the grounds were asserted in pre-trial proceedings or at trial. Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds.

Pa.R.C.P. 227.1(b). Essentially, post-trial relief may not be granted unless the grounds for such relief are specified in the post-trial motion. *Brindley v. Woodland Village Restaurant, Inc.,* 438 Pa.Super. 385, 652 A.2d 865, 867 (1995). Grounds not specified in the post-trial motion are deemed waived. *Id.*

¶ 6 Our review of the record, specifically Appellant's motion for post-trial relief dated March 19, 1999, reflects that Appellant did not request relief of a JNOV. Appellant filed a post-trial motion for a new trial and listed multiple grounds for support of the request. Accordingly, because the claim was not specified in post-trial motions, this issue was not preserved and is, therefore, waived.

¶ 7 Appellant next argues that the trial court erred in failing to grant a new trial because the court erred in admitting deposition testimony of a witness who had not been shown to be unavailable. The court conceded its error in its opinion dated October 24, 2000.[1] We agree.

---

1. Appellee argues in her brief to this court that Appellant waived this issue for failing to object in a timely fashion. Appellee's Brief at 21. Our review of the record reflects that Appellant's counsel did, in fact, make a timely specific objection to the use of the deposition testimony. Counsel stated:

I don't think that it's proper under Rule 4020, under the rule Mr. Puriefor's [sic] deposition in lieu of the live testimony, because, there hasn't been any proof that he has been served a subpoena, as far as I know, he is not dead and there is no proof that he is more than 100 miles outside of the jurisdiction of this Court, Your Honor, so based upon that I'm going to object to the use of his discovery deposition, today. N.T., 3/9/1999, at 5. Thus, Appellee's argument that the issue is waived is not supported by the record and fails.

¶ 8 Pennsylvania Rule of Civil Procedure 4020 regulates the use of depositions at the time of trial. Rule 4020 provides:

Use of Depositions at Trial

(a) At the trial, any part or all of a deposition, so far as admissible under the rules of evidence, may be used against any party who was present or represented at the taking of the deposition or who had notice thereof if required, in accordance with any one of the following provisions:

(1) Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of a deponent as a witness.

(2) The deposition of a party or of any one who at the time of taking the deposition was an officer, director, or managing agent of a party or a person designated under Rule 4004(a)(2) or 4007.1(e) to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a party, may be used by an adverse party for any purpose.

(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds

(a) that the witness is dead, or

(b) that the witness is at a greater distance than one hundred miles from the place of trial or is outside the Commonwealth, unless it appears that the absence of the witness was procured by the party offering the deposition, or

(c) that the witness is unable to attend or testify because of age, sickness, infirmity or imprisonment, or

(d) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena, or

(e) upon application and notice that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.

(4) If only part of a deposition is offered in evidence by a party, any other party may require the offering party to introduce all of it which is relevant to the part introduced, and any party may introduce any other parts.

(5) A deposition upon oral examination of a medical witness, other than a party, may be used at trial for any purpose whether or not the witness is available to testify.

(b) Substitution of parties does not affect the right to use depositions previously taken; and, when an action has been dismissed and another action involving the same subject is afterward brought between the same parties or their representatives or successors in interest, all depositions lawfully taken in the former action may be used in the latter as if originally taken therein.

(c) Subject to the provisions of Rule 4016(b), objection may be made at the trial or hearing to receiving in evidence any deposition or part thereof for any reason which would require the exclusion of the evidence if the witness were then present and testifying.

(d) A party shall not be deemed to make a person his own witness for any purpose by taking the person's deposition. The introduction in evidence of the deposition or any part thereof for any purpose other than that of contradicting or impeaching the deponent makes the deponent the witness of the party introducing the deposition, but this shall not apply to the use by an adverse party of a deposition as described in subdivision (a)(2) of this rule. At the trial or hearing any party may rebut any relevant evidence contained in

a deposition whether introduced by that party or by any other party.

Pa.R.C.P. 4020.

¶ 9 For our purposes, we are concerned with Rule 4020(a)(3) which addresses the unavailability of a witness as grounds for permitting the use of a deposition at trial. The proponent of a deposition at trial must demonstrate the unavailability of the witness or the exercise of due diligence on his part in attempting to locate the witness. *Kuntz v. Firth,* 216 Pa.Super. 155, 264 A.2d 432, 433 (1970). The determination of "the sufficiency of proof of unavailability is within the trial court's discretion, and, once the trial court is satisfied that the witness is unavailable, the witness's deposition may be admitted as substantive evidence." *Williams v. A–Treat Bottling Company,* 380 Pa.Super. 195, 551 A.2d 297, 300 (1988); *Beaumont v. ETL Services, Inc.,* 761 A.2d 166, 172 (Pa.Super.2000).

¶ 10 The phrase "exceptional circumstances" has not been defined by caselaw in this Commonwealth. However, we find the following commentary by Goodrich–Amram insightful:

> This subdivision of Rule 4020, which permits depositions of an outside witness or a nonadverse party to be used as substantive evidence without a showing of unavailability, must be sparingly invoked. In order to warrant application of this provision, the circumstances must be truly "exceptional" since the admission of the deposition in the absence of proof of unavailability of the witness goes contrary to the well-established rule that the testimony of witnesses should be given orally in open court. Thus, two situations might constitute exceptional circumstances justifying application of this provision: (1) where the witness is absent for some unusual reason not included in the four categories listed in the proceeding paragraphs of this subdivision; and (2) where the witness is present in court at the trial but cannot testify for some unusual reason, such as the loss of speech or memory, or simply refuses to testify.

Goodrich–Amram 2d § 4020(a):16.

¶ 11 The record reflects the following. Mr. Smallwood, the decedent, died prior to trial. N.T., 3/9/1999, at 24. His videotaped depositions were played for the jury. *Id.* The decedent described the asbestos-related products with which he worked. Deposition of Smallwood, August 19, 1997, at 67–68. Decedent was, however, unable to identify the names of the product or the packaging of the product except that the product of pipe fittings was called "Gypsum." *Id.* The decedent did not identify Appellant as the manufacturer of the asbestos containing products which he used.

¶ 12 Appellee sought to call, as a product identification witness, Mr. David Puriefoy, who was one of the decedent's co-workers. Mr. Puriefoy would have testified regarding the decedent's use of Appellant's products. *See,* N.T., 3/9/1998, at 5–8. Shortly before Mr. Puriefoy was to testify, Appellee was unable to locate Mr. Puriefoy to have him present in court to testify. *Id.* at 5–8. Consequently, Appellee requested permission to use Mr. Puriefoy's deposition testimony. *Id.* at 6. Appellant objected that the use of the deposition was not proper under Rule 4020. *Id.* at 5. Appellee's counsel explained that he was unable to track down Mr. Puriefoy and, because Mr. Puriefoy was a client of Appellee's counsel, a subpoena had not been issued. *Id.* at 6–7. Counsel argued that this situation was an "exceptional circumstance" under 4020(a)(3)(e). *Id.* The trial court agreed and permitted the deposition testimony of Mr. Puriefoy to be read to the jury. *Id.* at 7–8.

¶ 13 The trial court explained in its 1925(b) opinion that it committed an error

when it permitted the use of the deposition testimony:

> Presently, Puriefoy's unanticipated disappearance does not justify the admission of his deposition. Although counsel attested to the efforts made to contact him, issuing a subpoena would have eliminated this problem. The witness would have been aware of the trial and perhaps notified counsel of his need to leave town or his whereabouts. With that precaution, the testimony would have been permitted by Rule 4020(3)(b) or (d) [sic]. The circumstances were not exceptional, at least no exceptional reason was given. It was incorrect to rule on this issue on the basis of prejudice to the opposing party. Had that been the proper standard, it is clear that there was no prejudice to Crane sine they were present at Puriefoy's deposition in September 1997 and had an opportunity to question him.
>
> Because this ruling directly affected the outcome of the case by permitting the only crucial product identification testimony, Crane is entitled to a new trial on liability ...

Trial Court Opinion at 6.

¶ 14 We agree with the thoughtful reasoning of the trial court. Our review of the record shows that Appellee failed to prove that Mr. Puriefoy's unavailability was due: to his death; to his being more than 100 miles from the court house; to age, sickness, infirmity or imprisonment; or, to the ineffectiveness of a subpoena. In addition, Appellee's reasons for not subpoenaing Mr. Puriefoy do not amount to exceptional circumstances. Thus, because Appellee failed to meet the burden under Rule 4020 for the use of deposition testimony at trial, the court erred in permitting its use. Accordingly, we reverse and remand for a new Phase II trial on the issue of liability.

¶ 15 Judgment vacated. Case remanded for new Phase II trial. Jurisdiction relinquished.