J-A17044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| EILEEN M. VANETT | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRUCE B. VANETT | |
| Appellant | No. 1792 EDA 2015 |

Appeal from the Order Entered June 12, 2015
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 1997-8655

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JULY 21, 2016**

Appellant, Bruce B. Vanett ("Husband"), appeals from the order[1]
entered in the Delaware County Court of Common Pleas that denied his
petition for a declaratory judgment to cease his contractual obligation to
maintain life insurance for the benefit of the parties' children, pursuant to a
divorce-related property settlement agreement ("PSA").[2]  We affirm.

---

[1] The court entered the order on appeal on Friday, June 12, 2015.  Notice
per Pa.R.C.P. 236 was issued on Monday, June 15, 2015.

[2] Notwithstanding the manner in which this appeal is captioned, throughout
most of the certified record, Husband is designated as plaintiff and Appellee,
Eileen M. Vanett ("Wife") is designated as defendant.  Sometimes in the
course of the current matter, the designations are periodically reversed,
without explanation.  Husband, however, initiated the declaratory judgment
*(Footnote Continued Next Page)*

---

*Retired Senior Judge assigned to the Superior Court.

The relevant facts and procedural history of this case can be summarized briefly as follows. On July 20, 1999, the parties executed a PSA in anticipation of their divorce. Under the PSA, Husband was obliged to pay alimony, child support, and maintain $950,000.00 in life insurance for the benefit of the parties' children. Contrary to other provisions within the PSA, namely, the alimony and child support payments, the life insurance obligation did not include a termination date or any circumstance to end the insurance obligation. Further, the life insurance topic was covered under a separate, non-contiguous section of the PSA; and the PSA drew no connection between the life insurance provisions and the child support provisions. Importantly, the PSA also contained an integration clause. On September 16, 1999, the parties formally divorced and incorporated the PSA in the divorce decree.

On October 12, 2012, the parties entered and filed a stipulation for an agreed order to terminate child support, which was approved by court order on October 15, 2012. Husband filed a petition for declaratory judgment on September 20, 2013, to terminate his life insurance obligation under the PSA. On March 21, 2014, Wife filed a motion *in limine* to preclude parol evidence related to the PSA. The court heard argument on the motion on March 25, 2104, and granted it on April 10, 2014. The declaratory judgment

_(Footnote Continued)_ ————————

proceedings. Husband is also a medical doctor, whose professional initials (M.D.) were only recently added to his name in some of the court filings.

proceedings continued on June 9, 2014, with argument from counsel. Husband submitted a pre-trial brief to the court on November 18, 2014, with a copy to Wife's counsel on that date. On November 19, 2014, the court heard testimony from the parties, including direct and cross-examination. Wife's counsel asked to file a response to Husband's pre-trial brief by December 5, 2014. Husband's counsel filed a reply to the response on December 12, 2014.[3]

On June 12, 2015, the court denied Husband's petition for declaratory judgment, with Rule 236 notice sent on Monday, June 15, 2015. Husband did not file post-trial motions; instead, he filed a notice of appeal on June 18, 2015. On June 22, 2015, the court ordered Husband to file a concise statement of errors complained of on appeal per Rule 1925(b); Husband timely complied on July 9, 2015.

Husband raises the following issues for our review:

> DID THE TRIAL COURT ERR BY FINDING THAT [HUSBAND] IS OBLIGATED TO MAINTAIN HIS LIFE INSURANCE OBLIGATION UNDER THE JULY 20, 1999 PROPERTY SETTLEMENT AGREEMENT FOR [WIFE] AND THEIR CHILDREN WHERE THERE IS NO UNDERLYING OBLIGATION FOR ALIMONY OR CHILD SUPPORT OWED TO EITHER[?]
>
> DID THE TRIAL COURT ERR BY PRECLUDING [HUSBAND]

---

[3] Husband's pre-trial brief does not appear as filed of record on the certified docket, and it is absent from the certified record on appeal. Wife's responsive brief and Husband's reply brief, however, are included in the certified record on appeal.

FROM PRESENTING PAROL EVIDENCE AS TO THE PARTIES' INTENT REGARDING THE DURATION AND TERMINATION OF THE LIFE INSURANCE OBLIGATION?

DID THE TRIAL COURT ERR IN FINDING THAT [HUSBAND] IS OBLIGATED TO MAINTAIN HIS LIFE INSURANCE OBLIGATION FOR [WIFE] AND THE CHILDREN DESPITE THE EVIDENCE PRESENTED AT THE HEARING, INCLUDING, BUT NOT LIMITED TO, THE POST-CONTRACT FORMATION EVIDENCE PRESENTED BY [HUSBAND]?

(Husband's Brief at 6).

Husband argues the life insurance section of the PSA is ambiguous, given that the agreement omits a termination date for the obligation, and Husband would eventually be required to maintain life insurance even where financially impossible or unreasonably burdensome. Husband avers that the intent of the parties regarding the duration of the insurance obligation necessitated the admission of parol evidence of the parties' intent at the time of contract formation as well as evidence of subsequent performance and conduct after contract formation. Even without the parol evidence of pre-agreement intent, Husband insists the parties' post-agreement actions clarified that they intended to link the insurance obligation to the child support. Specifically, Husband contends the parties intended to terminate the insurance obligation when the parties' children became adults, *i.e.*, when the parties agreed to end child support payments; likewise, Wife at no time insisted that Husband purchase whole life as opposed to term life insurance. Husband concludes the court erred in excluding all extrinsic evidence related to the insurance obligation because the extrinsic evidence showed the intent

of the parties to the PSA; and he is entitled to a new trial. We cannot agree.

As a prefatory matter, we must determine whether Husband properly preserved his issues for review. *See Tucker v. R.M. Tours*, 939 A.2d 343, 346 (Pa.Super. 2007), *aff'd*, 602 Pa. 147, 977 A.2d 1170 (2009) (citing *Commonwealth v. Wholaver*, 588 Pa. 218, 903 A.2d 1178 (2006)) (stating: "This Court may *sua sponte* determine whether issues have been properly preserved for appeal"); *Hall v. Owens Corning Fiberglass Corp.*, 779 A.2d 1167, 1169 (Pa.Super. 2001) (stating: "[P]ost-trial relief may not be granted unless the grounds for such relief are specified in the post-trial motion. Grounds not specified in the post-trial motion are deemed waived") (internal citations omitted); *Borough of Harveys Lake v. Heck*, 719 A.2d 378, 380 (Pa.Cmwlth. 1998) (stating party's failure to file post-verdict motions constitutes waiver of all issues on appeal; whether appellant has preserved any issue for appeal can be raised *sua sponte* by reviewing court).

Pennsylvania Rule of Civil Procedure sets out the requirements for post-trial relief and states in pertinent part:

### Rule 227.1. Post-Trial Relief

\* \* \*

(c) Post Trial motions shall be filed within ten days after

(1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or

(2) notice of nonsuit or the filing of the

decision in the case of a trial without a jury.

If a party has filed a timely post-trial motion, any other party may file a post-trial motion within ten days after the filing of the first post-trial motion.

*Note*: A motion for post-trial relief may be filed following a trial by jury or a trial by a judge without a jury pursuant to Rule 1038. A motion for post-trial relief may not be filed to orders disposing of preliminary objections, motions for judgment on the pleadings or for summary judgment, motions relating to discovery or other proceedings which do not constitute a trial. *See U.S. National Bank in Johnstown v. Johnson*, 506 Pa. 622, 487 A.2d 809 (1985).

\* \* \*

The filing of a motion for post-trial relief is prohibited by the following rules: Rule 1557 (order directing partition) and Rule 1930.2 (no post-trial practice in domestic relations matters).

Pa.R.C.P. 227.1(c)(1)-(2) and *Note*. Generally, following a trial, an appellant must file post-trial motions to preserve issues for appellate review; issues not raised in post-trial motions are waived. *Chalkey v. Roush*, 757 A.2d 972, 975 (Pa.Super. 2000) (*en banc*), *aff'd*, 569 Pa. 462, 805 A.2d 491 (2002).

Declaratory judgment actions, like all others, are subject to post-trial practice when resolved after a trial. *Crystal Lake Camps v. Alford*, 923 A.2d 482, 488 (Pa.Super. 2007) (citing *Motorists Mut. Ins. Co. v. Pinkerton*, 574 Pa. 333, 342, 830 A.2d 958, 963 (2003)).

[T]he Declaratory Judgment Act should not be interpreted to undermine the uniform procedures that [the Supreme Court of Pennsylvania] has devised with respect to post-

trial proceedings. [*Motorist Mut. Ins. Co.*] ultimately evinces the Supreme Court's intent that post-trial practice be dictated primarily by the manner in which a case is disposed, not merely by the form of the action. Hence, declaratory judgment actions, like all others, are subject to post-trial practice when resolved after trial, while actions resolved by peremptory remedies are not. *See* [*id.*] ([stating:] "[W]here a trial court enters a declaratory order following a trial, parties must file post-trial motions from that order, as they would in any other civil proceeding, before the order may be deemed a final order for purposes of an appeal. On the other hand, where the trial court enters a declaratory order based on a pretrial motion…the parties are obviously not required to abide by the post-trial practice rules governing civil proceedings"); Pa.R.C.P. 227.1(c), *Note:* ([stating:] "A motion for post-trial relief may not be filed to orders disposing of preliminary objections, motions for judgment on the pleadings or for summary judgment, motions relating to discovery or other proceedings which do not constitute a trial"). The plain language of Pa.R.C.P. 227.4 makes it clear that the Rule's post-trial procedure is inexorably intertwined with post-trial motion practice under Pa.R.C.P. 227.1. Therefore, by subjecting declaratory judgment actions to the post-trial practice of Pa.R.C.P. 227.4, our decision today is in accord with [*Motorist Mut. Ins. Co.*]'s primary purpose of achieving procedural uniformity between actions at law and equity. …[W]e conclude that [*Motorist Mut. Ins. Co.*]*,* considered together with Rules 227.4 and 227.1, is controlling authority on the matter and compels the result that we reach today.

*Crystal Lake Camps, supra* at 488-89 (most internal citations and quotation marks omitted). *But see Jarl Investments, L.P. v. Fleck*, 937 A.2d 1113, 1119 n.3 (Pa.Super. 2007) (distinguishing pre-trial order imposing preliminary injunction as immediately appealable under Pa.R.A.P. 311(a)(4); preliminary injunction in this case "followed a proceeding in the nature of a pre-trial evidentiary hearing"; "Only where a declaratory

judgment is entered after a jury or non-jury trial, must post-trial motions be filed to preserve issues for appellate review"). **See also** Pa.R.C.P. 1930.2 (stating: "There shall be no motions for post-trial relief in any domestic relations matter"; abolishing all post-trial practice in domestic relations cases).

In the present case, Husband filed for declaratory judgment on September 20, 2013. Wife filed a motion *in limine*, and the court heard oral argument on Wife's motion on March 25, 2014. On June 9, 2014, the court conducted a hearing, with argument from counsel for both parties. Husband submitted a pre-trial brief on November 18, 2014. A day later, the court received testimony from both parties, including direct and cross-examination. Wife's counsel filed a response to Husband's pre-trial brief on December 5, 2014, and Husband filed a reply to that response on December 12, 2014. The trial court denied Husband's request for declaratory relief on June 12, 2015, with Rule 236 notice sent to the parties on June 15, 2015.

Here, the court proceedings consisted of hearings, testimony, and arguments, which constituted a trial. The parties exchanged pre-trial briefs. Husband even requests relief on appeal in the form of a new trial. The order denying declaratory judgment finally resolved the issue before the court. Thus, the proceeding was not "in the nature of a pre-trial evidentiary hearing." **See Jarl Investments, L.P., supra**. As a result, Husband was arguably subject to the applicable rules governing post-trial procedure. **See**

Pa.R.C.P. 227.1(c)(1). Husband did not file post-trial motions. Yet, to the extent this case can be viewed as a domestic relations matter, the absence of post-trial motions is not fatal to Husband's claims because Rule 1930.2 preempts Rule 227.1 and controls. *See* Pa.R.C.P. 1930.2(a).

Nevertheless, after a thorough review of the record, the briefs of the parties, the applicable law, and the opinion of the Honorable Ann A. Osborne, we conclude Husband's claims merit no relief. The trial court opinion properly discusses and disposes of the questions presented. *See* Trial Court Opinion, filed December 31, 2015, at 3-7, 9-10 (concluding: **(1-2)** life insurance section of PSA is independent of alimony or child support, so Husband's contention that life insurance obligation is somehow connected to support commitment is unfounded; insurance obligation endures until Husband's death; parties added no termination condition to life insurance obligation whereas alimony and child support provisions specify conditions for payments to end; life insurance clause is detailed, clear, and incapable of being understood in more than one reasonable sense; **(3)** absent any ambiguity in life insurance provisions, court saw no need for extrinsic evidence to interpret PSA). We agree but add one qualification. We observe that a court can look to subsequent conduct of the parties or course of performance evidence as an aid to contract interpretation, so long as the conduct/performance evidence manifests a **common understanding** of the agreement at issue. *See Herzog v. Herzog*, 887 A.2d 313 (Pa.Super.

2005). In this particular context, the agreement does not necessarily have to be first deemed ambiguous. Here, however, the court declined to consider Husband's extrinsic evidence, which was the court's prerogative, because Husband's extrinsic evidence did not manifest a common understanding but only his unique understanding of the PSA. Accordingly, we affirm on the basis of the trial court opinion with this minor qualification.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/2016

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA**
**CIVIL ACTION-LAW**

| | |
|---|---|
| **EILEEN M. VANETT**<br>**Plaintiff/Appellee** | **DOCKET NUMBER:   1997-008655** |
| **vs.** | **1792 EDA 2015** |
| **BRUCE B. VANETT**<br>**Defendant/Appellant** | **IN CUSTODY** |

Mary Cushing Doherty, Esq., Attorney for Plaintiff
Lynne Z. Gold-Bikin, Esq., Attorney for Defendant

## OPINION

**OSBORNE, S.J.**                                          **FILED: December 31, 2015**

### Procedural History

Appellant, Bruce B. Vanett, (Husband) appeals from this Court's Order dated June 12, 2015 denying his Petition for Declaratory Judgment. In the prayer for relief sought, Husband's Petition requested that this Court issue Declaratory Judgment directing that he is no longer required to maintain his life insurance obligation arising out of the parties' Property Settlement Agreement in this action in divorce. The June 12, 2015 Order was entered following hearings conducted on March 25, 2014, June 9, 2014, and November 19, 2014. On June 18, 2015, Husband, through counsel, filed his Notice of Appeal to Superior Court and on June 22, 2015, this Court entered its Order Requiring 1925(b) Statement. Appellant filed his Concise Statement of Matters Complained of on Appeal on July 9, 2015.

Appellant's Concise Statement of Matters Complained of on Appeal raises six issues for review. They are presented substantially verbatim as follows. First,



Husband contends that the Trial Court Court erred in finding that Defendant is obligated to maintain his life insurance obligation under the July 20, 1999 Property Settlement Agreement for Plaintiff and their children when there is no underlying obligation for alimony or child support owed for either. Husband next contends that this Court erred by precluding Defendant from presenting parol evidence as to the parties' intent regarding the duration and termination of the life insurance obligation. Husband also argues this Court erred in failing to consider the contradictions between Paragraph 7 and Paragraph 4.1 of the parties' Property Settlement Agreement as they pertain to the termination of Defendant's obligation for life insurance. Fourth, Husband states that this Court erred in finding the Defendant is obligated to maintain his life insurance obligation for the Plaintiff and the children despite evidence of the unconscionability to require Defendant to continue paying for life insurance when there is no purpose of funding it at a huge cost to him at his age. Husband also argues the Trial Court erred in finding that Plaintiff had standing to bring this action when the life insurance is ostensibly payable to a trust for the parties' children. Finally, Husband contends this Court erred in finding that Defendant is obligated to maintain his life insurance obligation for Plaintiff and the children despite the evidence presented at the hearing, including, but not limited to, the post-contract formation evidence presented by Defendant.

2

## Statement of Law

As our Superior Court has stated, "The determination of marital property rights through prenuptial, postnuptial and settlement agreements has long been permitted, and even encouraged. Both prenuptial and post-nuptial agreements are contracts and are governed by contract law. Moreover, a court's order upholding the agreement in divorce proceedings is subject to an abuse of discretion or error of law standard of review. An abuse of discretion is not lightly found, as it requires clear and convincing evidence that the trial court misapplied the law or failed to follow proper legal procedures. We will not usurp the trial court's factfinding function." *Paroly v. Paroly*, 876 A.2d 1061, 1063 (Pa. Super. 2005)

When interpreting a contract, the Court may not consider extrinsic evidence unless the terms of the contract are ambiguous. *Seven Springs Farm, Inc. v. Croker*, 748 A.2d 740, 744 (Pa. 2000). A contract is ambiguous "if it is reasonably susceptible of different constructions and capable of being understood in more than one sense. *Lang v. Meske*, 850 A.2d 737, 739-40 (Pa. Super. 2004). Where a contract fails to provide for a specific contingency, the contract is silent, not ambiguous. *Seven Springs Farm, Inc.*, 748 A.2d at 744.

## Discussion

In his first assignment of error, Husband contends that this Court erred in finding that Defendant is obligated to maintain his life insurance obligation under the July 20, 1999 Property Settlement Agreement (hereinafter "PSA") for Plaintiff and their children when there is no underlying obligation for alimony or child

3

support owed to either. Husband's claim that his obligation to maintain life insurance under the Property Settlement Agreement is contingent upon his obligation to pay alimony or child support is incorrect and contrary to the plain language of the Property Settlement Agreement. This Court found that the plain language of the Life Insurance clause of the Property Settlement Agreement was not ambiguous and therefore, based on the applicable case law, extrinsic evidence as to the intent of the parties was not admissible. The Life Insurance clause makes no mention at all of alimony or child support so Father's contention that life insurance is connected to the obligation to pay support is completely unfounded.

Husband has argued that the life insurance was put in the PSA to ensure payments of alimony in case Husband were to die before his obligation to pay alimony ceased. (N.T. 3/25/14, p. 13-14) This is simply not the case. The relevant portion of Section 4.1 (Alimony) of the PSA states:

"Commencing on the execution date and terminating on December 31, 2004, Husband shall pay Wife the sum of Two Thousand Two Hundred Fifty Dollars ($2,250.00) per month as alimony, on the first day of each month. Husband's obligation to make such payments shall terminate upon Wife's death or Husband's death only, provided he has complied with the insurance provisions of this Agreement."

4

Furthermore, the fact that the parties' Property Settlement Agreement does not provide a termination date of Defendant's obligation to maintain a life insurance policy does not result in an ambiguity, because the lack of a termination clause is not susceptible to different constructions nor is it capable of being understood in more than one sense.

Finally, as was mentioned above, the Life Insurance section lists the terms which must be included in the insurance policies. These include that "1) the policies shall be automatically renewable; 2) the policies shall not be cancelable on account of, and renewal shall not be contingent upon, Husband's health; and 3) The policies shall not be cancelable on account of, and renewal shall not be contingent upon, Husband's employment or lack thereof." Instead of mentioning a termination date, the plain language of this section mentions the continuation of the life insurance policies. As the language is clear and unambiguous, this Court did not err in choosing not to admit parol evidence.

Husband's third argument is much like his first. He contends that this Court erred in failing to consider the contradictions between Paragraph 7 and Paragraph 4.1 of the parties' Property Settlement Agreement as they pertain to the termination of Defendant's obligation for life insurance. As is stated in the analysis of the first issue above, there are not contradictions between Section 4.1 regarding Alimony and Section 7 regarding Life Insurance. Therefore the Court need not further address this issue here.

7

Next, Husband alleges that this Court erred in finding the Defendant is obligated to maintain his life insurance obligation for the Plaintiff and the children despite evidence of the unconscionability to require Defendant to continue paying for life insurance when there is no purpose of funding it at a huge cost to him at his age. "In order for a court to deem a contractual provision unconscionable it must determine both that the contractual terms are unreasonably favorable to the drafter and that there is no meaningful choice on the part of the other party regarding acceptance of the provisions." *Colonna v. Colonna*, 791 A.2d 353, 357 (2001). In the present case, Husband has failed to show any evidence of either factor. The PSA for Husband and Wife was jointly prepared by their then counsel and was signed by each party immediately below the clause stating that "Each party has carefully read and fully considered this Agreement and all of the statements, terms, conditions and provisions thereof prior to signing below." As the PSA was not drafted by either party, it cannot be deemed to be unreasonably favorable to either party. And as was found in *Colonna*, Husband has failed to show that the parties were not of "equal bargaining power" when creating and entering the PSA and therefore has failed to show there was no meaningful choice regarding acceptance of the provisions. *Id.* at 357.

Appellant's fifth contention is quite puzzling to the Court. Husband argues the Trial Court erred in finding that Plaintiff had standing to bring this action when the life insurance is ostensibly payable to a trust for the parties' children. This is not accurate. Husband is the Plaintiff in this Complaint in Divorce. He filed the

Petition for Declaratory Judgment at issue in this appeal, designating Wife as the opposing party. Husband may not choose the party required to defend the Petition and then also claim she does not have standing to defend the claim. Additionally, "standing" is a premise that describes "a party's right to make a legal claim or seek judicial enforcement of a duty or right." Black's Law Dictionary, p. 1413 (7th ed. 1999). A plaintiff's challenge to the standing of a defendant plaintiff has selected is meritless. Standing does not apply to someone's ability to defend an action, at least where the sole plaintiff has selected a sole defendant. Finally, if this were not a meritless claim, it was never raised prior to this appeal and is therefore waived.

Finally, Husband contends this Court erred in finding that Defendant is obligated to maintain life insurance for Plaintiff and the children despite the evidence presented at the hearing, including, but not limited to, the post-contract formation evidence presented by Defendant. It is true that "subsequent conduct of the parties, course of performance, is an aid to interpretation," however, a Court must first find that the language of the contract is ambiguous before looking to extrinsic evidence for interpretation of that language. See, *Herzog v. Herzog*, 887 A.2d 313, 316 (2005). Since there was no ambiguity, the Court will not look to extrinsic evidence. Additionally, Husband argued at the hearing that since he barely had a relationship with his children he would not have entered an agreement requiring him to maintain life insurance for his children past the time he was required to pay for their other obligations such as child support and education. This argument does not make sense when combined with Husband's testimony that

9

he barely had a relationship with the children at the time of signing the PSA. (N.T. 11/19/14, p.42 From the testimony of the parties at the hearing it was apparent to the Court that Husband did not have a significant relationship with his children at the time of signing the PSA therefore his continued lack of relationship with them in the years since signing the PSA is not dispositive in determining the intent of the parties or whether or not Husband must continue to maintain life insurance to fund the trust which was established solely for the benefit of the parties' children.

## CONCLUSION

This Court did not make an error or law nor did it abuse its discretion. For all of the reasons set forth above, this Court respectfully submits that the Order entered on June 12, 2015 denying the Petition for Declaratory Judgment is proper and should be affirmed.

BY THE COURT:

Ann Osborne,    S.J.

FILED JM
2015 DEC 31 PM 12:38
OFFICE OF
JUDICIAL SUPPORT
DELAWARE CO. PA.

10