J-S50001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BANK OF NEW YORK MELLON AS TRUSTEE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY JOHN CONTE III | |
| Appellant | No. 2945 EDA 2016 |

Appeal from the Judgment Entered August 16, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): May Term, 2015 No. 103

BEFORE:  PANELLA, J., MOULTON, J., and RANSOM, J.

JUDGMENT ORDER BY PANELLA, J.        **FILED SEPTEMBER 20, 2017**

This legal odyssey began in 2010 when Appellee instituted a mortgage foreclosure action against Appellant. At the time of the foreclosure, Appellant owed Appellee approximately $530,000. Appellee prevailed in that action. This appeal is Appellant's latest legal proceeding to delay the physical loss of the property, which Appellee owns after it acquired it at a sheriff's sale. Appellant refuses to relinquish possession.

As relevant here, Appellee instituted an action in ejectment by way of a complaint. The trial court eventually attached the parties for a "trial" scheduled on August 15, 2016. *See* Notice of Trial Attachment, 6/3/16. At the August 15 proceeding, the parties presented testimony, the court questioned Appellant, and Appellee introduced exhibits. *See* N.T., 8/15/16, at 1-48. At the conclusion of the proceeding, the court announced, "it is

ordered that a judgment is entered in favor of [Appellee] … for possession of the property … and against [Appellant]…." ***Id***., at 46. In the order entered on the docket, the court inexplicably crossed out the word "trial" in the phrase "after a trial" and handwrote above the stricken word "hearing." ***See*** Order, 8/16/16. Conversely, in the "trial work sheet," signed by the judge, the form notes the "trial date," that it was "Non-Jury," and has marked "Finding for Plaintiff Non-Jury." ***See*** Trial Work Sheet, 8/15/16. Appellant filed this appeal on September 6, 2016.

"The trial of actions in ejectment by a judge sitting without a jury shall be in accordance with Rule 1038." Pa.R.C.P. 1058. Rule 1038 concerns nonjury trials. And the *Note* to that rule directs one to Rule 227.1 "[f]or post-trial relief following a trial without jury[.]" Rule 227.1(c)(2) requires the filing of post-trial motions "within ten days after" "the filing of the decision in the case of a trial without jury." The failure to file timely post-trial motions results in the waiver of the issues presented on appeal. ***See***, ***e.g.***, ***Newman Development Group of Pottstown, LLC v. Genuardi's Family Markets, Inc.***, 52 A.3d 1233, 1246 (Pa. 2012) ("There is no dispute that, to secure post-trial or appellate relief, post-trial motions must be filed from the trial court's decision or verdict at the conclusion of a non jury trial…."); ***Hall v. Owens Corning Fiberglass Corp.***, 779 A.2d 1167, 1169 (Pa. Super. 2001) ("Essentially, post-trial relief may not be granted unless the grounds for such relief are specified in the post-trial motion. Grounds not specified in the post-trial motion are deemed waived.")

Here, Appellant did not file any post-trial motions. In his brief, he defends this failure by arguing that no trial took place. Rather, he claims it was a "hearing" that did not require the filing of post-trial motions. **See** Appellant's Brief, at 4-5. In its opinion, the court refers to the proceeding as a hearing. **See** Trial Court Opinion, 2/16/17, at 2 ("after a hearing"). Appellee strenuously disagrees with Appellant's position. **See** Appellee's Brief, at 20-23.

What took place was not a hearing; it was a trial, on the merits, that resulted in the court's determination of the legal claims in the ejectment action. As noted, the Rules of Civil Procedure specifically provide for a nonjury *trial* to take place in an ejectment action. **See** Pa.R.C.P. 1058. The court's reference to the matter as a "hearing" cannot overrule the prescription of Rule 1058.

Appellant's failure to file post-trial motions results in the waiver of his issues on appeal.[1]

Judgment affirmed. Motion denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary Date: <u>9/20/2017</u>

---

[1] Appellee filed a "Motion to Dismiss and/or Quash" for Appellant's failure to comply with the Rules of Appellate Procedure. We deny the motion.