J-A07011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| H&H MANUFACTURING COMPANY, INC. AND VINCENT H. TOMEI | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1196 EDA 2018 |
| THOMAS R. TOMEI AND JEANETTE M. TOMEI | : | |
| v. | : | |
| | : | |
| JAMES F. FLANDREAU, ESQUIRE, EXECUTOR AD LITEM FOR THE ESTATE OF MARIE L. TOMEI, DECEASED | : | |

Appeal from the Judgment Entered on April 20, 2018
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  2013-5775

BEFORE:   OLSON, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED MAY 22, 2019**

Appellants, H&H Manufacturing Company and Vincent H. Tomei, appeal

from the judgment entered on April 20, 2018.[1]  As is relevant to the current

_____

[1] Appellants purport to appeal from the trial court's order dated April 18, 2018, which ruled upon the defendants' motion for post-trial relief.  **See** Notice of Appeal, 4/23/18.  "Orders denying post-trial motions, however, are not appealable.  Rather, it is the subsequent judgment that is the appealable order when a trial has occurred."  **Harvey v. Rouse Chamberlin, Ltd.**, 901 A.2d 523, 524, n.1 (Pa. Super. 2006) (internal citation omitted).  Judgment was entered on April 20, 2018.  Thus, we treat the appeal as from the entry of judgment and have amended the caption accordingly.  **See** Pa.R.A.P. 905(a)(5).

_____

\*   Former Justice specially assigned to the Superior Court.

appeal, the judgment was: in favor of Defendants Thomas R. Tomei and Jeanette M. Tomei (hereinafter, collectively, "Defendants") and against Appellants, on all of Appellants' claims against Defendants; and, in favor of Thomas Tomei and against Vincent Tomei, in the total amount of $1,407,749.07. We affirm.

Appellants instituted the current action on June 11, 2013, by filing a writ of summons. Within Appellants' third amended complaint, Appellants levied 12 claims against Defendants. **See** Appellants' Third Amended Complaint, 5/18/16, at 1-16. Thomas Tomei filed a responsive pleading to the complaint that contained various counterclaims against Vincent Tomei, including counterclaims for conversion and breach of contract. **See** Thomas Tomei's Answer, New Matter, and Counterclaim, 6/15/16, at 1-45. Jeanette Tomei filed a separate answer to Appellants' complaint and denied liability. **See** Jeanette Tomei's Answer and New Matter, 6/20/16, at 1-15.

The case proceeded to an eight-day bench trial and, on November 30, 2017, the trial court entered its findings of fact, conclusions of law, and decision in the matter. Specifically, the trial court found in favor of Defendants and against Appellants, on all of Appellants' claims against Defendants; in favor of Thomas Tomei and against Vincent Tomei, on Thomas Tomei's counterclaim for conversion, in the amount of $34,224.58; and, in favor of Thomas Tomei and against Vincent Tomei, on Thomas Tomei's counterclaim for breach of contract, in an unspecified amount. Trial Court Decision, 11/30/17, at 1-3.

- 2 -

There is no evidence that Appellants filed a post-trial motion in this case: no such post-trial motion is contained in the certified record; the docket does not reflect that Appellants filed a post-trial motion; and, the trial court's opinion states that, "upon a review of the docket, it appears that [Appellants'] post-trial motion was never filed." Trial Court Opinion, 7/10/18, at 4 (some capitalization omitted).[2] Nevertheless, on April 19, 2018, the trial court entered an order declaring that Appellants' post-trial motion was denied and, on April 20, 2018, Defendants filed a *praecipe* for entry of judgment.

The prothonotary entered judgment in favor of Thomas Tomei and against Vincent Tomei in the total amount of $1,407,749.07. This total amount comprises the $34,224.58 to which Thomas Tomei was entitled on his conversion claim and the $1,373,524.49 that Defendants averred they were entitled to receive for attorneys' fees and costs on their breach of contract claim. **See** Defendants' *Praecipe* to Enter Judgment, 4/20/18, at ¶ 20.

Appellants filed a notice of appeal from the judgment. Appellants' Notice of Appeal, 4/23/18, at 1. In an order dated April 30, 2018 and entered May

---

[2] The trial court and opposing counsel apparently received copies of Appellants' un-filed post-trial motion. We say this because the trial court entered an order denying the post-trial motion and Defendants filed both a response in opposition to Appellants' post-trial motion and a "memorandum of law in support of [a] request to strike portions of [Appellants'] post-trial motion." **See** Trial Court Order, 4/19/18, at 1; Defendants' "Response in Opposition to the Post Trial Motions of Vincent Tomei and Those Improperly Brought on Behalf of H&H Manufacturing Company, Inc.," 4/10/18, at 1-34; "Defendants' Memorandum of Law in Support of Their Request to Strike Portions of [Appellants'] Post-Trial Motion," 2/13/18, at 1-6.

22, 2018, the trial court directed that Appellants file a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), and serve a copy of the concise statement upon the trial court. The order reads:

> AND NOW, this 30th day of April 2018, it is hereby ORDERED AND DECREED that Plaintiffs H&H Manufacturing Company, Inc. and Vincent H. Tomei, pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, shall file a Concise Statement of Matters Complained of on Appeal no later than twenty-one (21) days after entry of this Order and serve a copy on this Court pursuant to Pa.R.A.P. 1925(b)(1). Any issue not properly included in the Statement, timely filed and served, shall be waived.

Trial Court Order, 5/22/18, at 1 (some emphasis omitted).

The docket states that, in accordance with Pennsylvania Rule of Civil Procedure 236, notice of the Rule 1925(b) order was given to the parties on May 22, 2018. **See** Docket Entry, at 5/22/18.

The certified record contains no Rule 1925(b) statement, the docket does not reflect that Appellants ever filed a Rule 1925(b) statement, and the trial court stated in its opinion that, although Appellants "sent the [trial] court a copy of their" Rule 1925(b) statement, the Rule 1925(b) statement was "never filed pursuant to the [trial] court's April 30, 2018 order." Trial Court Opinion, 7/10/18, at 5 (some capitalization omitted).

We are constrained to conclude that Appellants' claims on appeal are waived, as Appellants failed to file a post-trial motion and failed to comply with Rule 1925(b).

First, Appellants' claims are waived because Appellants did not file a post-trial motion. Pennsylvania Rule of Civil Procedure 227.1 declares, in relevant part:

> (a) After trial and upon the written Motion for Post-Trial Relief filed by any party, the court may
>
> > (1) order a new trial as to all or any of the issues; or
> >
> > (2) direct the entry of judgment in favor of any party; or
> >
> > (3) remove a nonsuit; or
> >
> > (4) affirm, modify or change the decision; or
> >
> > (5) enter any other appropriate order.
>
> (b) Except as otherwise provided by Pa.R.E. 103(a), post-trial relief may not be granted unless the grounds therefor,
>
> > . . .
>
> > (2) are specified in the motion. The motion shall state how the grounds were asserted in pre-trial proceedings or at trial. Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds.
>
> (c) Post-trial motions shall be filed within ten days after
>
> > (1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or
> >
> > (2) notice of nonsuit or the filing of the decision in the case of a trial without jury.
>
> If a party has filed a timely post-trial motion, any other party may file a post-trial motion within ten days after the filing of the first post-trial motion.
>
> . . .

> (f) The party filing a post-trial motion shall serve a copy promptly upon every other party to the action and deliver a copy to the trial judge.

Pa.R.C.P. 227.1.

Rule 227.1 thus requires that a party "file" a post-trial motion within ten days after a "decision in the case of a trial without jury"– and, as the Rules of Civil Procedure make clear, a party "files" a post-trial motion by delivering, mailing, or electronically transmitting the legal paper to the prothonotary, "accompanied by the filing fee, if any." *See* Pa.R.C.P. 205.1-205.6.

Further, as we have explained:

> The Pennsylvania Supreme Court has stated that the filing of post-trial motions is mandatory if a litigant wishes to preserve issues for appellate review. *See L.B. Foster Co. v. Lane Enterprises, Inc.*, 710 A.2d 55 (Pa. 1998) ("Pa.R.C.P. 227.1 requires parties to file post-trial motions in order to preserve issues for appeal. If an issue has not been raised in a post-trial motion, it is waived for appeal purposes").
>
> . . .
>
> The importance of filing post-trial motions cannot be overemphasized. "This is not blind [insistence] on a mere technicality since post-trial motions serve an important function in [the] adjudicatory process in that they afford the trial court in the first instance the opportunity to correct asserted trial error and also clearly and narrowly frame issues for appellate review." *Fernandes v. Warminster Mun. Auth.*, 442 A.2d 1174, 1175 (Pa. Super. 1982). Even when a litigant files post-trial motions but fails to raise a certain issue, that issue is deemed waived for purposes of appellate review. *See Hall v. Owens Corning Fiberglass Corp.*, 779 A.2d 1167, 1169 (Pa. Super. 2001) (where a claim was not specified in the post-trial motions, the issue was not preserved and is, therefore, waived).

*Diamond Reo Truck Co. v. Mid-Pac. Indus., Inc.*, 806 A.2d 423, 428 (Pa. Super. 2002) (footnote, corrections, and some citations omitted).

There was a bench trial in the case at bar. Therefore, in order to preserve any claims for appellate review, Appellants were required to file their post-trial motion within ten days after the trial court's decision. Pa.R.C.P. 227.1(c). There is no evidence that Appellants delivered, mailed, or electronically transmitted their post-trial motion to the prothonotary and the certified record does not contain a post-trial motion from Appellants. *See* Docket Entries from 11/30/17 - 4/19/18; *see also Commonwealth v. Brown*, 161 A.3d 960, 968 (Pa. Super. 2017) ("our review is limited to those facts which are contained in the certified record and what is not contained in the certified record does not exist for purposes of our review") (quotations and citations omitted). Therefore, from our review of the record, Appellants were required to, but did not, file a post-trial motion in this case. This results in the mandatory wavier of all claims on appeal. Pa.R.C.P. 227.1(b)(2); *Diamond Reo Truck Co.*, 806 A.2d at 428-429.

Moreover, Appellants waived all appellate issues by failing to comply with Pennsylvania Rule of Appellate Procedure 1925(b). In relevant part, Rule 1925(b) declares:

> **(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.**--If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and

serve on the judge a concise statement of the errors complained of on appeal ("Statement").

(1) *Filing and service*.--Appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record and service on the judge shall be in person or by mail as provided in Pa.R.A.P. 121(a) and shall be complete on mailing if appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified in compliance with the requirements set forth in Pa.R.A.P. 1112(c). Service on parties shall be concurrent with filing and shall be by any means of service specified under Pa.R.A.P. 121(c).

(2) *Time for filing and service*.--The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. . . .

(3) *Contents of order*.--The judge's order directing the filing and service of a Statement shall specify:

   (i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

   (ii) that the Statement shall be filed of record;

   (iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1);

   (iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

(4) Requirements; waiver.

. . .

   (vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

- 8 -

Pa.R.A.P. 1925(b).

As we have explained:

> In **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998), our Supreme Court held that in order to preserve claims for appellate review, an appellant must comply with a trial court order to file a Statement of Matters Complained of on Appeal, pursuant to Pa.R.A.P. 1925(b). Our Supreme Court recently reiterated the bright-line rule established in **Lord**, holding that "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised [on appeal]." **Commonwealth v. Schofield**, 888 A.2d 771, 774 (Pa. 2005); **see also Commonwealth v. Castillo**, 888 A.2d 775 (Pa. 2005) (same). **If an appellant does not comply with an order to file a Rule 1925(b) statement, all issues on appeal are waived—even if the Rule 1925(b) statement was served on the trial judge who subsequently addressed in an opinion the issues raised in the Rule 1925(b) statement**. Although recognizing that such a strict application of the Rule may be harsh, our Supreme Court stressed that failure to file the Rule 1925(b) statement "results in the inability of the appellate courts to determine which issues were presented to the trial court, and thus preserved for appeal, and whether the trial court received the statement within the required time period." [**Schofield**,] 888 A.2d at 774-775.

**In re L.M.**, 923 A.2d 505, 509 (Pa. Super. 2007) (some citations omitted) (emphasis added); **see also Schofield**, 888 A.2d at 771-775 (the Pennsylvania Supreme Court held that the appellant's failure to file her Rule 1925(b) statement resulted in the "automatic waiver of the issues raised" on appeal, even though the trial court received the appellant's Rule 1925(b) statement and addressed the issues in an opinion); **Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*) ("it is no longer within [the Superior] Court's discretion to review

the merits of an untimely Rule 1925(b) statement based solely on the trial court's decision to address the merits of those untimely raised issues").

In the case at bar, the trial court's concise statement order fully complied with Rule 1925(b). It informed Appellants that they were required to file their concise statement within 21 days; that they were required to serve a copy of the statement on the court pursuant to Rule 1925(b)(1); and, that failure to comply with the order would result in waiver. Trial Court Order, 5/22/18, at 1; **see also** Pa.R.A.P. 1925(b)(3). The concise statement order was entered on the docket and the docket reflects that notice of the order was sent to Appellants on May 22, 2018. **See** Docket Entry, at 5/22/18.

Appellants, however, failed to file their Rule 1925(b) statement, as required by the trial court's order and Rule 1925(b)(1). This results in the automatic wavier of Appellants' claims on appeal. **Schofield**, 888 A.2d at 774. Moreover, although Appellants apparently "sent the [trial] court a copy of their" Rule 1925(b) statement and the trial court addressed the issues contained in the statement, waiver is nevertheless mandatory under the rule and our Supreme Court's precedent. **Schofield**, 888 A.2d at 774-775; **see also Brown**, 161 A.3d at 968 ("our review is limited to those facts which are contained in the certified record and what is not contained in the certified record does not exist for purposes of our review") (quotations and citations omitted).

Thus, since Appellants waived all issues on appeal, we affirm the judgment entered in this case.

Judgment affirmed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/22/19