J-S15003-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY IN ITS CAPACITY AS INDENTURE TRUSTEE OF CIM TRUST 2021-NRI | : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | |
| | : | No. 1198 WDA 2024 |
| VERNICE CAIN | : : | |
| Appellant | : | |

Appeal from the Judgment Entered September 3, 2024
In the Court of Common Pleas of Mercer County Civil Division at No(s):
2022-1531

BEFORE:   OLSON, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED: JULY 8, 2025**

In this mortgage foreclosure action, Appellant, Vernice Cain, appeals

from the September 3, 2024 judgment in the amount of $155,649.35 entered

in favor of Appellee, US Bank National Association, acting in its capacity as

indenture trustee of CIM Trust 2021-NRI ("U.S. Bank") and not in its individual

capacity.  We affirm.

The trial court ably set forth the factual and procedural history of this

case as follows.

> This matter [] beg[a]n [when U.S. Bank] fil[ed] a complaint in
> mortgage foreclosure on June 21, 2022.  [In its complaint, U.S.
> Bank alleged that on September 2, 2005, Appellant executed

_____

[*] Retired Senior Judge assigned to the Superior Court.

and delivered a promissory note in the amount of $170,241.00 with Beneficiary Consumer Discount Company d/b/a Beneficial Mortgage Company of Pennsylvania ("Beneficial Mortgage Company"). The promissory note was secured by a mortgage upon the property located along Spangler Road, Hermitage Pennsylvania, 16148 (hereinafter, the "Property"), recorded on September 8, 2005. On November 9, 2021, the mortgage was assigned to U.S. Bank and was recorded in the Office of the Recorder of Deeds for Mercer County, Pennsylvania].

On July 13, 2022, [Appellant,] acting *pro se*[,] filed a document that she titled "Notice to Defend." This document addressed the complaint and was treated as [Appellant's] answer. In this document, [Appellant] stated . . . that she disagreed with the complaint regarding the balances, charges, fines and fees. [Appellant] did not dispute the validity of the mortgage or that she was in default.

[U.S. Bank] filed a motion for summary judgment on November 7, 2022. Counsel for [Appellant] entered his appearance on January 9, 2023. [U.S. Bank therefore] withdrew [its] motion for summary judgment after [Appellant] served her [f]irst request for production of documents. [U.S. Bank] filed [its second motion for] summary judgment on September 15, 2023 after responding to [Appellant's] discovery requests. However, [Appellant] filed a motion to compel on October 23, 2023 concerning [U.S. Bank's] discovery responses. [Appellant] specifically sought to compel responses concerning her payment history. This (first) motion to compel was scheduled for a hearing on November 14, 2023, but [Appellant] withdrew said motion at the time of the hearing.

On November 20, 2023, [Appellant] served her second request for production of documents and [a] motion for leave to amend [the *pro se*] answer [filed on July 13, 2022], both of which are relevant to this appeal. [Appellant's motion attached an amended answer that] denied that [Appellant] had executed the "mortgage note" dated September 2, 2005. [Thereafter, U.S. Bank] served responses [and] objections to [Appellant's] second request for production of documents and also filed them of record. [U.S. Bank] also opposed [Appellant's] motion for leave to amend [her] answer. By order dated January 25, 2024, the [trial c]ourt denied [Appellant's] motion for leave to amend answer. On February 12, 2024, [U.S. Bank's] then-outstanding motion for summary judgment was heard. On February 21,

2024, the [trial c]ourt filed its memorandum opinion and order granting summary judgment as to foreclosure but denying it as to damages. [A bench trial to assess] damages was scheduled for August 5, 2024.

On April 11, 2024, [Appellant] filed a second motion to compel concerning her second request for production of documents. … The second motion to compel was scheduled for a hearing on April 24, 2024. On April 26, 2024, the [trial c]ourt entered an order denying said motion and awarding $500[.00] as sanctions for the preparation of [U.S. Bank's] response [to Appellant's motion to compel].

[The trial court then convened a bench trial on damages on April 5, 2024. Thereafter, the trial c]ourt issued an order [on] September 3, 2024 entering judgment for [U.S. Bank] in the amount of $155,649.35.

Trial Court Opinion, 11/4/2024, at *1-*2 (unpaginated) (unnecessary capitalization omitted) (some paragraph breaks inserted). Appellant did not file a post-trial motion pursuant to Pa.R.C.P. 227.1(c). Instead, on October 1, 2024, Appellant filed a notice of appeal and a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues for our consideration.

1. Did the trial court err by denying Appellant's motion to amend [her] answer?

2. Did the trial court err in granting [U.S. Bank's] motion for summary judgment?

3. Did the trial court err in sanctioning Appellant for filing a motion to compel discovery?

4. Did the trial court err in awarding [U.S. Bank] damages in the amount of $155,649.35?

Appellant's Brief at 9.

- 3 -

In her first issue, Appellant claims that the trial court erred in denying her motion for leave to amend her answer filed on July 13, 2022, which she submitted *pro se*. More specifically, Appellant claims that her *pro se* answer "could be viewed as a general denial" and, as such, Appellant sought to amend her answer to be "more specific in nature and put [U.S. Bank] on additional notice that [she] was not only contesting the amount owed but the very substance of its [c]omplaint, *i.e.*, whether Appellant executed the September 5, 2005 [m]ortgage [n]ote." Appellant's Brief at 20. Because, in Appellant's view, the "only prejudice [U.S. Bank] may have sustained was inconsequentially related to the time and expense in litigating this matter," Appellant argues that the trial court erred in denying Appellant's motion to amend. ***Id.*** at 21.

Pennsylvania Rule of Civil Procedure 1033 provides, in pertinent part, that "[a] party . . . by leave of court, may at any time . . . amend the pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new . . . defense." Pa.R.Civ.P. 1033(a). Regarding amendment, this Court has previously determined:

> Pleadings may be amended at the discretion of the trial court after pleadings are closed, while a motion for judgment on the pleadings is pending, at trial, after judgment, or after an award has been made and an appeal taken therefrom. Our courts have established as parameter a policy that amendments to pleadings will be liberally allowed to secure a determination of cases on their merits. A trial court enjoys broad discretion in evaluating amendment petitions.

Despite this liberal amendment policy, Pennsylvania appellate courts have repeatedly ruled that an amendment will not be permitted where it is against a positive rule of law, or where the amendment will surprise or prejudice the opposing party. The prejudice, however, must be more than a mere detriment to the other party because any amendment requested certainly will be designed to strengthen the legal position of the amending party and correspondingly weaken the position of the adverse party. The mere fact that the adverse party has expended time and effort in preparing to try a case against the amending party is not such prejudice as to justify denying the amending party leave to amend by asserting an affirmative defense which has a substantial likelihood of success.

All amendments have this in common: they are offered later in time than the pleading which they seek to amend. If the amendment contains allegations which would have been allowed inclusion in the original pleading (the usual case), then the question of prejudice is presented by the time at which it is offered rather than by the substance of what is offered. The possible prejudice, in other words, must stem from the fact that the new allegations are offered late rather than in the original pleading, and not from the fact that the opponent may lose his case on the merits if the pleading is allowed.

Denial of a petition to amend, based on nothing more than unreasonable delay, is an abuse of discretion. The timeliness of the request to amend is a factor to be considered, but it is to be considered only insofar as it presents a question of prejudice to the opposing party, as by loss of witnesses or eleventh hour surprise.

*Capobianchi v. BIC Corp.*, 666 A.2d 344, 346–347 (Pa. Super. 1995) (internal citations, quotations, emphasis and brackets omitted).

Upon review of the record, we recognize the following facts in deciding Appellant's amendment issue. U.S. Bank initiated the instant matter on June 21, 2022, by filing a complaint. Thereafter, Appellant, acting *pro se* filed an answer, titled "Notice to Defend," which stated, *verbatim*, as follows:

- 5 -

> I will be defending myself, and I am seeking legal representation to address the following concerns:
>
> 1. I disagree with the complaint in the mortgage foreclosure.
>
>   A. The principal balance.
>
>   B. The deferred principal balance.
>
>   C. All charges, fines and fees related to the principal balance and deferred principal balance.
>
> 2. I disagree with the Act 91 Account Summary (Sterm & Eisenberg, PC, Exhibit D).

Appellant's Answer, 7/13/22, at *1 (unpaginated). Thereafter, on November 7, 2022, U.S. Bank moved for summary judgment. In its motion, U.S. Bank pointed out that Appellant's answer did "not present any valid defense to this action" or otherwise "create any genuine issue of material fact" because Appellant failed to dispute the validity of the mortgage or whether the mortgage was in default. U.S. Bank's Brief in Support of Motion for Summary Judgment, 11/7/22, at *3-4. Before the trial court convened argument on U.S. Bank's summary judgment motion, however, Appellant's counsel entered his appearance on January 9, 2023. As such, U.S. Bank withdrew its motion for summary judgment and the parties engaged in discovery.

Then, on September 15, 2023, U.S. Bank filed another motion for summary judgment wherein U.S. Bank argued that Appellant failed to admit or deny the following:

> the execution of the [n]ote[ or the m]ortgage, that the [m]ortgage is secured by the property, [U.S. Bank's] possession of the [n]ote, the date of default, [or that Appellant] is the record and real owner of the [m]ortgaged [p]remises.

U.S. Bank's Motion for Summary Judgment, 9/15/23, at 8. Because Appellant "failed to make payments and plead any cognizable defenses to [U.S. Bank's] claim," U.S. Bank claimed that it was entitled to judgment as a matter of law on issues pertaining to Appellant's liability for default under her mortgage. *Id.* at 9. The trial court scheduled argument on U.S. Bank's summary judgment motion for December 4, 2023. On November 20, 2023, however, Appellant filed a motion seeking to amend her answer, claiming that the proposed amendments were "supported by the pleadings [and] discovery to date." Appellant's Motion for Leave to Amend Answer, 11/20/23, at 2-3. In her proposed amended answer, Appellant denied, for the first time, that she "executed the September 2, 2005 [m]ortgage [n]ote." Appellant's Amended Answer, 11/20/23, at 2. Ultimately, the trial court denied Appellant's request to amend. In the trial court's view, Appellant "was not seeking to conform her pleading to evidence offered or admitted in the case." Trial Court Opinion, 11/4/24, at *4. Instead, the trial court determined that Appellant sought to amend her pleading to dispute "an event that happened (or did not happen) almost [20] years ago," *i.e.*, the execution of the mortgage note, which, per the trial court, Appellant "would have known for a long time" and "could have raised . . . without waiting until [U.S. Bank's] meritorious [m]otion for [s]ummary [j]udgment was pending." *Id.*

Applying the applicable law to the facts of this case, we conclude that the trial court did not abuse its discretion in denying Appellant's motion to amend its answer. The foregoing establishes that U.S. Bank initiated this

action in June 2022 and, for nearly two years, Appellant did not dispute that she executed the relevant mortgage note or that it was in default. This is true even though this failure was highlighted in U.S. Bank's first summary judgment motion, filed in November 2022. Without justification, however, Appellant decided to change tack approximately one year after U.S. Bank's first summary judgment motion, nine months after Appellant's counsel entered his appearance, and two weeks before argument on U.S. Bank's second summary judgment motion. Appellant did not attach any document or other evidence to her amended answer to explain her change of position, nor did Appellant's proposed amended response deny execution of the mortgage with any degree of specificity. Under Pennsylvania's rules of civil procedure and well-established case law, the general denials put forward in Appellant's proposed response would have been deemed admissions. **See** Pa.R.C.P. 1029(b) ("Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by subdivisions (c) and (e) of this rule, shall have the effect of an admission."); **see also Bank of Am., N.A. v. Gibson**, 102 A.3d 462, 467 (Pa. Super. 2014) (explaining that the appellant, "[b]y his ineffective denials and improper claims of lack of knowledge . . . admitted the material allegations of the complaint[.]"). Therefore, we, like the trial court, conclude that Appellant's request was unwarranted, untimely and would cause prejudice to U.S. Bank.

As such, we further conclude that the trial court did not abuse its discretion in denying Appellant's motion for leave to amend her answer.

In her second issue, Appellant claims that the trial court erred in granting summary judgment on the issue of liability. Our standard of review is well-settled:

> We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

*Daley v. A.W. Chesterton, Inc.*, 37 A.3d 1175, 1179 (Pa. 2012) (citation omitted).

In an *in rem* foreclosure proceeding due to the defendant's failure to pay a debt, this Court has stated that "[t]he holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default[,] the mortgagor has failed to pay the obligation, and the recorded mortgage is in the specified amount." *Gibson*, 102 A.3d at 465. "This is so even if the mortgagors have not admitted the total amount of the indebtedness in their pleadings." *Cunningham v. McWilliams*, 714 A2d 1054, 1057 (Pa. Super. 1998) (citation omitted). Importantly, in a mortgage foreclosure action, a party may not avoid summary judgment based upon a

pleading in which he or she set forth a general denial to an allegation. To the contrary, "general denials by mortgagors . . . must be considered an admission of those facts." ***Gibson***, 102 A.3d at 467 (citation omitted); ***see also First Wisconsin Tr. Co. v. Strausser***, 653 A.2d 688, 692 (Pa. Super. 1995) ("This court has held, however, that, in mortgage foreclosure actions, general denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing must be considered an admission of those facts.").

As indicated by the trial court, Appellant's "answer only dispute[d] the amount calculated" and, as such, effectively admitted (1) that U.S. Bank was the current holder of the mortgage and the note by way of assignment and, as such, the real party in interest with the right to bring the instant foreclosure action, (2) "the validity of the mortgage," and (3) "that [the mortgage] was in default." Trial Court Opinion and Order, 2/21/24, at *2 (unpaginated). In light of the foregoing, the trial court correctly granted U.S. Bank's motion for summary judgment "as to foreclosure" but denied summary judgment regarding "the amount of damages." Trial Court Order, 2/21/24, at *1. Thus, Appellant's claim lacks merit.

In her third issue, Appellant contends that the trial court erred in sanctioning Appellant and requiring her to pay $500.00 in attorneys' fees after she filed a motion to compel discovery on April 11, 2024. We apply the following principles in assessing such claims.

> "Our ability to review the grant of attorney[s'] fees is limited, and we will reverse only upon a showing of plain error." ***Diament v. Diament***, 816 A.2d 256, 270 (Pa. Super. 2003) (citation omitted). "Plain error is found where the decision is based on factual findings with no support in the eviden[ce] or legal factors other than those that are relevant to such an award." ***Id.***

***Sirio v. Sirio***, 951 A.2d 1188, 1198–1199 (Pa. Super. 2008).

> The trial court has great latitude and discretion with respect to an award of attorneys' fees pursuant to a statute. ***Cummins v. Atlas R.R. Construction Co.***, 814 A.2d 742, 746 (Pa. Super. 2002). In reviewing a trial court's award of attorneys' fees, our standard is abuse of discretion. ***Lucchino v. Commonwealth***, 809 A.2d 264, 269–[2]70 (Pa. 2002); ***Miller v. Nelson***, 768 A.2d 858, 861 (Pa. Super. 2001). If there is support in the record for the trial court's findings of fact that the conduct of the party was obdurate, vexatious or in bad faith, we will not disturb the trial court's decision.

***In re Padezanin***, 937 A.2d 475, 483–484 (Pa. Super. 2007) (parallel citation omitted), *quoting* ***Scalia v. Erie Ins. Exchange***, 878 A.2d 114, 116 (Pa. Super. 2005) (citation omitted).

Moreover, Rule 4019 of Pennsylvania's Rules of Civil Procedure provides, in relevant part, as follows.

> (h) If the filing of a motion or making of an application under this chapter is for the purpose of delay or in bad faith, the court may impose on the party making the motion or application the reasonable costs, including attorney's fees, actually incurred by the opposing party by reason of such delay or bad faith. A party upon whom such costs have been imposed may neither (1) take any further step in the suit without prior leave of court so long as such costs remain unpaid nor (2) recover such costs if ultimately successful in the action.

Pa.R.C.P. 4019(h).

A review of the certified record reveals the following facts relevant to this issue. On April 11, 2024, Appellant filed a motion to compel in which she alleged that she served U.S. Bank a second request for production of documents on or about November 20, 2023. Appellant further averred that U.S. Bank "failed to comply with [Appellant's] requests" and, instead, "responded with general and inadequate objections to nearly every request made." Appellant's Motion to Compel, 4/11/24, at 2. Appellant attached the discovery requests, as well as U.S Bank's responses, to her motion. **See id.** at Exhibits A and B. In her second set of discovery requests, Appellant sought information and/or documents relating to the "Originating Fee" of the mortgage, including the "name of the agent [who received] the Origination Fee . . . as referenced on the Loan Payment and Security Agreement," "copies of the payment, check or any other instrument made payable to Wells Fargo from . . . Beneficial Mortgage Company . . . to satisfy the prior [m]ortgage [n]ote," and information "related to the refinancing agreement between [U.S. Bank] and . . . Beneficial Mortgage Company[.]" Appellant's Second Request for Production of Documents, 11/20/23, at 4-5.

U.S. Bank responded to Appellant's second discovery request on February 21, 2024 and filed its responses with the trial court. In its responses, U.S. Bank indicated that the documents requested by Appellant were not in its custody or control. In addition, and as indicated by U.S. Bank in its response to Appellant's motion to compel, U.S. Bank attached a "HUD-1" document which, in its view, "demonstrate[ed] the disbursements under the

loan." U.S. Bank's Opposition to Motion to Compel Request for Production of Documents, 4/22/24, at 3.

The trial court convened a hearing on Appellant's motion to compel on April 24, 2024. At the outset of the hearing, however, Appellant's counsel stated:

> Your Honor, in this case[,] there were multiple requests for discovery done.
>
> There was a first request for production of documents [in which] we requested all the payment history from 2005 forward.
>
> There was a second request that was done that dealt, sort of, with the motion to amend [Appellant's answer] **which is irrelevant at this point**.
>
> So we are still seeking all of our payment history from 2005 to present.
>
> They have provided [Appellant's payment history] from 2015 on. So we are looking for the payment history from 2005 until 2015, which they have [not] produced.

N.T. Hearing, 4/24/24, at 2 (emphasis added) (unnecessary capitalization omitted).

Then, counsel for U.S. Bank responded, stating:

> [] Your Honor, what I have in front of me that I believe [Appellant's counsel] filed his motion to compel on, is the **second set of discovery requests** that were served later last year, and then we responded to in February. They – it requests four different types of documents. I do [not] believe any of them are the payment history he [is] referring to now.
>
> [] I [will] let [Appellant's counsel] speak for himself – but we just spoke before you came out, Your Honor. He told me that, really, what he cares about is documents requested in [] Request[s] 10 and 11 from the **first set of requests for production** months and months ago in 2023; that nothing in

the second set of request for production, which is the material in front of you on this motion to compel is actually at issue. And he, I think – again, he [will] speak for himself, -- agrees that the four requests in the second set of request for production are now irrelevant.

So I [am] now here to argue about, I think, a set of requests that he did not move to compel or that are not really before the court or not in any materials provided to the court.

So the position of U.S. Bank, now – assuming I am understanding [Appellant's counsel] correctly – is a few things: One, is that you gave us 60 days from the end of the hearing which you issued summary judgment in February to do discovery on damages; that time has now just about run.

So to the extent that this motion to compel does [not] raise discovery requests made in the first set of requests for production and that is not before the court today, we do [not] think it is something for the court to decide now, especially *sua sponte*, without briefing on it because it was [not] properly before the court and now discovery is over.

If they wanted to raise that in the last 60 days, they had a chance. They did [not]. It has all been sitting out there for at least six months. … As I said, I did [not] read the first set because those were litigated last year.

Second, we have attached the payment history we have to our motion for summary judgment, and we produced it in discovery in this case.

I [am] not trying to be obstinate. I . . . think the client, and through the requests and responses, has tried to produce what it has. We made it clear several times in briefing and in our summary judgment response and in our response to these requests for production that this loan and this HUD statement all happened in September of 2005. U.S. Bank was not at the closing table. We are a mortgage servicing company. This loan came to us just a few years ago.

So, you know, as far as some of the documents that might have existed in 2005, you know, we did [not] create those. My understanding is we produced what we have [in our] custody and control over, but some of these documents, A, are almost

- 14 -

20-years-old, and B, were created by some financial servicing company or bank that is not us.

And so, you know . . . to the extent the first set of request for production is now at issue and the payment history that, in my understanding[,] we have already produced what is in our custody and control, was not really conferred on in the last few months, we do think a sanction order is appropriate. I frankly had to drive up here, now . . . [to address a motion] that [was] not, I think, [] well founded from, you know, just north of Pittsburgh, almost 50 miles, and you know, the client is incurring costs. I think we asked for $500[.00] in our sanction motion in our briefing. I do [not] think that is unreasonable, given the helter-skelter nature of having to come back here several times.

*Id.* at 3-6 (unnecessary capitalization omitted).

Thereafter, Appellant's counsel, again, reiterated Appellant's position that, as indicated in her first set of discovery requests, she was seeking information "for the payments that she made on this loan from 2005 and 2015 to determine how much is actually owed" and that, if U.S. Bank did not have such documentation in its "custody or control, they have to get [the documents]" because Appellant needed "to know what she paid from 2005 to 2015 on this loan." *Id.* at 7. Based upon the foregoing discussion, the trial court denied Appellant's motion to compel. The trial court also ordered Appellant pay $500.00 to U.S. Bank for the cost of preparing its response. In so doing, the trial court opined that Appellant's motion to compel "was dilatory, obdurate or vexatious in that it sought information concerning loan origination [20] years ago and information either irrelevant to the issue of damages or previously provided by [U.S. Bank]." Trial Court Opinion, 11/4/24, at *2.

We discern no abuse of discretion on the part of the trial court. The foregoing establishes that, first, Appellant's motion to compel alleged that U.S. Bank failed to provide adequate responses to her **second set of discovery requests** but, at the April 24, 2024, Appellant's counsel admitted that those discovery requests were "irrelevant." N.T. Hearing, 4/24/24, at 2. Then, also at the April 24, 2024 hearing, Appellant's counsel changed course and claimed that Appellant sought information regarding her payment history from 2005 and 2015 which, in her view, she requested in her **first set of discovery requests**. *See id.* at 7. It was undisputed, however, that Appellant's mortgage was only assigned to U.S. Bank in 2020 and, as such, the documentation Appellant sought was not in its custody or control and, more importantly, was not in the custody or control of U.S. Bank's agents. To the contrary, "other separate mortgage service companies [had] those records." *Id.* at 10. Because a review of the certified record and the transcripts from the April 24, 2024 hearing revealed that, in large part, Appellant originally sought information her counsel, himself, deemed irrelevant and that was later firmly established to be outside of U.S. Bank's custody or control, we believe that the trial court acted well-within its discretion and in conformity with the law in imposing sanctions against Appellant.

In her fourth issue, Appellant challenges the trial court's award of $155,649.35 in damages to U.S. Bank. More specifically, Appellant challenges the trial court's decision to admit into evidence "[e]xhibits one [] through [10]" during the August 5, 2024 bench trial, arguing that the aforementioned

exhibits constituted inadmissible hearsay. Appellant's Brief at 33. Alternatively, Appellant argues that U.S. Bank failed to introduce sufficient evidence to support the trial court's award of $11,138.44 for the deferred principal balance and attorneys' fees.

We must, however, preliminarily determine whether Appellant preserved this issue for our review. *See* ***Tucker v. R.M. Tours***, 939 A.2d 343, 346 (Pa. Super. 2007), *aff'd*, 977 A.2d 1170 (Pa. 2009) ("[T]his Court may *sua sponte* determine whether issues have been properly preserved for appeal.") (citation omitted); ***see also Hall v. Owens Corning Fiberglass Corp.***, 779 A.2d 1167, 1169 (Pa. Super. 2001) ("[P]ost-trial relief may not be granted unless the grounds for such relief are specified in the post-trial motion.").

This Court previously explained:

> The Pennsylvania Rules of Civil Procedure set out the requirements for post-trial relief and state in pertinent part:
>
> **Rule 227.1. Post–Trial Relief**
>
> \* \* \*
>
> > (c) Post Trial motions shall be filed within ten days after
> >
> > > (1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or
> > >
> > > (2) notice of nonsuit or the filing of the decision in the case of a trial without a jury.

If a party has filed a timely post-trial motion, any other party may file a post-trial motion within ten days after the filing of the first post-trial motion.

> Note: A motion for post-trial relief may be filed following a trial by jury or a trial by a judge without a jury pursuant to Rule 1038. A motion for post-trial relief may not be filed to orders disposing of . . . other proceedings which do not constitute a trial. *See U.S. National Bank in Johnstown v. Johnson*, 487 A.2d 809 (Pa. 1985).

> A motion for post-trial relief may not be filed to matters governed exclusively by the rules of petition practice.

* * *

Pa.R.C.P. 227.1(c)(1)–(2) and Note (emphasis [omitted]). Generally, following a trial, an appellant must file post-trial motions to preserve issues for appellate review; issues not raised in post-trial motions are waived. *Chalkey v. Roush*, 757 A.2d 972, 975 (Pa. Super. 2000) (*en banc*), *aff'd*, 805 A.2d 491 (Pa. 2002). Our Supreme Court has held "that pursuant to Rule 227.1 . . ., parties are required to file post-trial motions from a trial court's order following a trial in both actions at law and in equity in order to properly preserve issues that they wish to raise on appeal[.]" *Chalkey v. Roush*, 805 A.2d 491, 492 (Pa. 2002).

Parties to a proceeding that does not amount to a trial, however, need not file post-trial motions to preserve issues for appeal. Pa.R.C.P. 227.1(c)(1)–(2) and Note. Pennsylvania courts look to the substance of an action, rather than the form of a petitioner's initial pleading, to determine whether an action falls within the scope of Rule 227.1. *Motorists Mut. Ins. Co. v. Pinkerton*, 830 A.2d 958, 964 n. 6 (Pa. 2003) (applying Rule 227.1 to action petitioner initiated through "Petition for Declaratory Judgment," where case did not proceed under "rules of petition practice"; explaining substance of action, not label petitioner gives initial pleading, dictates whether Rule 227.1 applies).

To determine whether an appellant must file post-trial motions following an in-court proceeding, we consider whether, under the circumstances of the action: (i) the plain language of Rule

- 18 -

227.1 makes clear a post-trial motion is necessary; (ii) case law provides a post-trial motion is necessary, even if Rule 227.1 is silent on the subject; and (iii) practicing attorneys would reasonably expect a post-trial motion to be necessary. ***Newman Development Group of Pottstown, LLC v. Genuardi's Family Markets***, 52 A.3d 1233, 1248 (Pa. 2012). Case law requires a post-trial motion following a proceeding, where the court heard new testimony and received new evidence, which the court relied upon when it issued its decision. ***See id.*** at 1251 (stating: "a . . . proceeding . . . that relies on an existing record is not a trial[.]"); ***Vautar v. First Nat. Bank of Pennsylvania***, 133 A.3d 6, 11–12 (Pa. Super. 2016) (providing where parties took no new testimony and introduced no evidence and court issued verdict based solely on evaluation of existing record, proceedings did not amount to trial and post-trial motions were unnecessary); ***City of Philadelphia v. New Life Evangelistic Church***, 114 A.3d 472, 478 (Pa. Cmwlth. 2015) (discussing ***Newman***, ***supra*** and stating: "[T]he Supreme Court . . . signaled that a hearing that bears the hallmarks of a trial by requiring or admitting, or . . . **offering a party the opportunity to present additional evidence**, does constitute a 'trial' for the purposes of [Rule] 227.1") (emphasis in original).

***G & G Invs., LLC v. Phillips Simmons Real Est. Holdings, LLC***, 183 A.3d 472, 476-477 (Pa. Super. 2018) (parallel citation omitted).

Herein, U.S. Bank initiated the instant action *via* the filing of a complaint. While the trial court granted partial summary judgment in this matter on February 21, 2024, the trial court convened a proceeding on August 5, 2024 for the purposes of assessing damages. During the proceeding, U.S. Bank introduced evidence and elicited witness testimony: both of which serve as the basis for Appellant's current challenge on appeal. Hence, the proceeding constituted a trial, mandating the filing of post-trial motions pursuant to Pa.R.C.P. 227.1. ***See Newman***, ***supra***; ***see also LG Financial Consultants***

*Inc. v. Lawyers Funding Group*, LLC, 2022 WL 4101003 *1, *3 and *5 (Pa. Super. 2022) (non-precedential decision) (explaining that the trial court granted summary judgment on the issue of liability, but later convened an "assessment of damages hearing." Because "the parties presented documentary and testimonial evidence on the amount due on the [l]oan" during the "assessment of damages hearing," the defendant filed a post-trial motion pursuant to Rule 227.1). Appellant, however, did not file a post-trial motion and, instead, filed a timely notice of appeal. As such, this issue is waived.

Judgment affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 07/08/2025